■ In the Matter of the Claim of PETER J. CICIARELLI, Appellant, against L. C. SMITH CORONA TYPEWRITER Co. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— This is an appeal by a claimant from a decision of the Workmen's Compensation Board disallowing his claim for compensation on the ground that no accidental injury or occupational disease had been shown. Claimant was employed in the shipping department of the employer, where he lifted and moved crates. He was blind in the left eye because of old degenerative changes in the cornea. This eye was enucleated some time before his last employment. Some time in November, 1951, claimant suffered from a detached retina of the right eye. His claim is to the effect that his work caused this detachment. The medical testimony on the issue is directly in conflict. The board accepted the opinion of a specialist who testified the detachment was the spontaneous result of a pre-existing degenerative process, and wholly unrelated to claimant's occupation or any accident. Decision unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ.

■ In the Matter of the Claim of ELIZABETH M. SNYDER, on Behalf of Herself and Others, Infants, Respondent, against NEW YORK STATE VETERANS EMERGENCY HOUSING PROJECT (DIVISION OF HOUSING, EXECUTIVE DEPARTMENT, NEW YORK STATE), and the STATE INSURANCE FUND, Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Claimant's husband was employed as a building superintendent for a housing project. He had coronary heart disease. On the morning of his death he had shovelled coal in the basement of the project before noon and had made several trips from the basement to the main level of the building. He collapsed while talking to a city marshall about the eviction of a tenant and died. This conversation, which somewhat excited decedent, and decedent's collapse were in close time sequence to the coal shovelling and the trips from the basement. The board found the effect of these exertions on his pre-existing cardiac condition contributed to his death. This is sufficient to sustain a finding of industrial accident. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ.